# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **KYLE T. FUST** <br> 3519 Harley Road <br> Toledo, Ohio 43606 | * | Case No. |
| | * | Judge |
| Plaintiff, | * | **COMPLAINT; JURY DEMAND** <br> **ENDORSED HEREON** |
| v. | * | |
| **MBC HOLDINGS, INC. aka and/or dba** <br> **MILLER BROTHERS CONST., INC.** <br> 1613 S. Defiance St. <br> Archbold, Ohio 43512 | * | Francis J. Landry (0006072) <br> **WASSERMAN, BRYAN, LANDRY** <br> **& HONOLD LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone: (419) 243-1239 <br> Facsimile: (419) 243-2719 <br> Flandry308@aol.com <br> Attorney for Plaintiff <br> Kyle T. Fust |
| and | * | |
| **LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 499** <br> 3080 Platt Road <br> Ann Arbor, MI 48108 | * | |
| | * | |
| and | * | |
| **LABORERS' INTERNATIONAL UNION OF NORTH AMERICA Local 500** <br> c/o David Fleetwood, Business Mgr. <br> 2270 Ashland Avenue <br> Toledo, Ohio 43620-1206 | * | |
| | * | |
| | * | |
| Defendants. | | |

1

\* \* \* \* \* \* \* \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331, 1337, 1343, 2201 and 2202 known as this Court's Federal Question Jurisdiction. Plaintiff brings a hybrid breach of contract claim against his former employer and a breach of the duty of fair representation claims against two local unions pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185 and 29 U.S.C. Sections 151 et seq. This action also, in part, is one for money damages, reinstatement, and liquidated damages resulting from an alleged unlawful termination of employment in violation of the Ohio Revised Code Section 4123.90. For this State Court Claim, Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff, Kyle T. Fust, is a citizen of the United States and a resident of the City of Toledo, County of Lucas, State of Ohio who was employed by Defendant Miller Brothers Construction, Inc. from March of 2016 until his termination on August 1, 2022.

3. Defendant MBC Holdings, Inc. aka and/or dba Miller Brothers Const., Inc. (hereinafter "Company") is a corporation duly organized under the laws of the state of Ohio, with a place of business in the County of Fulton, State of Ohio. Defendant operates an excavating business in a number of States including Ohio and Michigan.

4. Defendant Laborers' International Union of North America Local 500 (hereinafter "Local 500), is a local union certified as a representative of all laborers in a number of counties in Northwest Ohio, including Lucas and Fulton Counties.

5. Defendant Laborers' International Union of North America Local 499 (hereinafter "Local 499), is a local union certified as a representative of all laborers under certain contractors in Southeastern Michigan including but not limited to Monroe County, Michigan.

## GENERAL ALLEGATIONS

6. Plaintiff brings this action for damages for an unlawful termination of his employment. Plaintiff alleges that in terminating him, the Defendant did so in violation of Ohio Revised Code Section 4123.90 and in violation of the applicable collective bargaining agreement, the Heavy Highway Agreement between the Union and the Ohio Contractors Association and/or the Michigan Contractors Association to which the Defendant Company was signatory and/or covered.

7. Plaintiff was employed by the Defendant Company as a Laborer for Bridge, Environmental Divisions.  Plaintiff was a member of the Defendant local unions.

8. On August 1, 2022, Plaintiff was told to leave a job site near Morin Point in Monroe County, Michigan after he had voiced concern over safety.  When a thirty-five pound jack hammer that Plaintiff was using failed while cleaning a bridge deck edge, Plaintiff was instructed by his supervisor to use a sixty pound jack hammer.  Plaintiff then raised a concern about safety and asked that he have a "lifeline" cable installed so that he could safely complete the task. Plaintiff was advised that the foreman did not have time to set up a lifeline cable and that he should just tie off to the excavator.   When he had further concerns that this alternative was not safe, Plaintiff's foreman told him that if he did not want to do the work, he can go home.

9. After Plaintiff left the job, he called the general superintendent John Isola, Jr. of the Defendant Company who informed Plaintiff that at the moment of his concerns, there should have been a safety stand down on the job, which never occurred. Mr. Isola told Plaintiff that he would

find another job and superintendent to work with within the bridge division of the Defendant Company. After back and forth communication over the next two weeks, Plaintiff was never placed on a different job and no effort was made by the Defendant Company to do so. Plaintiff had concerns over safety because in September of 2021, an electrocution accident occurred on the job site of the Defendant Company when Plaintiff was working in Lucas County, Ohio for the Defendant Company and when he was then written up even though superintendents on the job site could have stopped the work.

10. On August 16, 2022, Plaintiff contacted Mike Ritter of the Defendant Company with safety concerns about the August 1, 2022 events while still not having been placed on another job site. Plaintiff was told that he would receive a phone call back but this did no occur.

11. On August 17, 2022, Plaintiff filed a formal complaint, both safety and whistleblower with OSHA.

12. On August 22, 2022, Plaintiff filed a formal complaint with MIOSHA.

13. On August25, 2022, the same day the Plaintiff filed a formal discrimination complaint was filed with MIOSHA, Plaintiff spoke with Dan Mitten, Business Manager of Defendant Local 499. He was advised by Mr. Mitten that he would be speaking with Mr. Isola of the Defendant Company. Plaintiff never heard back from Mr. Mitten. Defendant Local 500 merely deferred Plaintiff to deal with Local 499 and did nothing to intervene in his behalf. No grievance was ever filed on Plaintiff's behalf by either local union over his termination and over the failure to reassign him.

14. Plaintiff filed a workers' compensation claim, claim number 21-176949 with the State of Ohio Bureau of Workers Compensation. Plaintiff had previously filed a claim for workers

4

compensation with the State of Ohio Bureau of Workers Compensation claim number 17-173355 over a prior injury.

15. On October 27, 2022, Plaintiff notified the Defendant Company of a Claimed violation of Ohio Revised Code Section 4123.90.

### FIRST CLAIM FOR RELIEF AGAINST MBC HOLDINGS, INC aka and/or dba MILLER BROTHERS CONST., INC.
### Ohio Revised Code Section 4123.90—Worker's Compensation Retaliation

16. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through fifteen (15) of this complaint, supra, by reference in its entirety as if fully restated herein.

17. Plaintiff states that as the result of an injuries he filed two workers compensation claims.

18. Plaintiff was then terminated on or about August 1, 2022. At the time of and prior to his termination, Plaintiff was meeting and exceeding all of Defendant's <u>legitimate</u> expectations, and had been told he was a great employee.

19. Plaintiff states that Defendant terminated Plaintiff because Plaintiff filed and participated in workers compensation claims the latter of which was related to safety issues, in violation of Ohio Revised Code Section 4123.90.

20. By letter dated October 27, 2022, Plaintiff notified Defendant of the claimed violation of Ohio Revised Code Section 4123.90.

21. As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of past and future wages. Plaintiff also has lost past and future benefits. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

## SECOND CLAIM FOR RELIEF–BREACH OF CONTRACT—CLAIM AGAINST MBC HOLDINGS, INC. aka and/or dba MILLER BROTHERS CONSTRUCTION, INC.

22. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-one (21) of this complaint by reference in its entirety as if fully restated herein.

23. Plaintiff was employed by the Defendant Company as a Laborer for Bridge, Environmental Divisions. Plaintiff was a member of the Defendant local unions.

24. On August 1, 2022, Plaintiff was told to leave a job site near Morin Point in Monroe County, Michigan after he had voiced concern over safety. When a thirty-five pound jack hammer that Plaintiff was using failed while cleaning a bridge deck edge, Plaintiff was instructed by his supervisor to use a sixty pound jack hammer. Plaintiff then raised a concern about safety and asked that he have a "lifeline" cable installed so that he could safely complete the task. Plaintiff was advised that the foreman did not have time to set up a lifeline cable and that he should just tie off to the excavator. When he had further concerns that this alternative was not safe, Plaintiff's foreman told him that if he did not want to do the work, he can go home.

25. After Plaintiff left the job, he called the general superintendent John Isola, Jr. of the Defendant Company who informed Plaintiff that at the moment of his concerns, there should have been a safety stand down on the job, which never occurred. Mr. Isola told Plaintiff that he would find another job and superintendent to work with within the bridge division of the Defendant Company. After back and forth communication over the next two weeks, Plaintiff was never placed on a different job and no effort was made by the Defendant Company to do so. Plaintiff had concerns over safety because in September of 2021, an electrocution accident occurred on the job site of the Defendant Company when Plaintiff was working in Lucas County, Ohio for the Defendant Company and when he was then written up even though superintendents on the job site

could have stopped the work.

26. On August 16, 2022, Plaintiff contacted Mike Ritter of the Defendant Company with safety concerns about the August 1, 2022 events while still not having been placed on another job site. Plaintiff was told that he would receive a phone call back but this did no occur.

27. On August 17, 2022, Plaintiff filed a formal complaint, both safety and whistleblower with OSHA.

28. On August 22, 2022, Plaintiff filed a formal complaint with MIOSHA.

29. On August25, 2022, the same day the Plaintiff filed a formal discrimination complaint was filed with MIOSHA, Plaintiff spoke with Dan Mitten, Business Manager of Defendant Local 499. He was advised by Mr. Mitten that he would be speaking with Mr. Isola of the Defendant Company. Plaintiff never heard back from Mr. Mitten. Defendant Local 500 merely deferred Plaintiff to deal with Local 499 and did nothing to intervene in his behalf. No grievance was ever filed on Plaintiff's behalf by either local union over his termination and over the failure to reassign him.

30. Plaintiff states that the Heavy Highway Agreement entered into between the Laborers' District Council of Ohio and the Ohio Contractors Association of which the Defendant Company is signatory provides at Article III section 16(a) that a Contractor may discharge an employee for just cause any employee whose work is unsatisfactory or who fails to observe the safety precautions, substance abuse policies, or other rules and regulations of the Contractor for health, safety and protection of its employees. It is further provided that no employee shall be discharged for defendant the rights of any employee under this agreement. Plaintiff states that when he was terminated, he was working under this agreement or another agreement with similar provisions. In terminating Plaintiff without cause and because he advocated for the protection not only of himself

but for other employees, the Defendant Company breached the applicable agreement. The Defendant Company further breached the applicable agreement which at Article XIII section 59 provides that the parties agree that all differences that arise between any Contractor and any Union or members thereof…are to be settled in accordance with the grievance and arbitration procedure set forth. Plaintiff states that the Defendant Company breached the applicable collective bargaining agreement in terminating him without cause and for advocating for safety and in refusing to process his claims through the grievance procedure. In so doing the Defendant Company violated Section 301 of the Labor Management Relations Act, 29 U.S.C. Section 185.

31. As a proximate result of the acts of the Defendant complained of herein, Plaintiff has suffered the loss of past and future wages. Plaintiff also has lost past and future benefits. Plaintiff has also suffered, as a proximate result of the acts of Defendant complained of herein, pain and suffering, humiliation and embarrassment. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

### THIRD CLAIM FOR RELIEF–BREACH OF THE DUTY OF FAIR REPRESENTATION—CLAIM AGAINST DEFENDANT UNIONS

32. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through thirty-one (31) of this complaint by reference in its entirety as if fully restated herein.

33. Plaintiff states that after he was sent home on August 1, 2023, he was advised to contact the Business Manager for Local 499 because Local 500 did not have jurisdiction. On August 25, 2022, Plaintiff spoke with Dan Mitten, Business Manager of Defendant Local 499. He was advised by Mr. Mitten that he would be speaking with Mr. Isola of the Defendant Company. Plaintiff never heard back from Mr. Mitten. Defendant Local 500 merely deferred Plaintiff to deal with Local 499 and did nothing to intervene in his behalf. No grievance was ever filed on Plaintiff's behalf by either local union over his termination and over the failure to reassign him.

34. The Defendant Local Unions in their representation of Plaintiff engaged in arbitrary, discriminatory and bad faith conduct which was and is devoid of rational basis. The Unions failed in their statutory duty of fair representation. The Defendant Unions failed adequately to investigate or represent Plaintiff with respect to acts of the Defendant Company which constituted a clear violation of the collective bargaining agreement. In fact, the Defendant unions acted against. The Defendant Union's did nothing despite Plaintiff's clear concerns that his termination was fully without just cause and that it was based on retaliation for his safety concerns and with knowledge that Plaintiff had made complaints to OSHA and the Michigan authorities to seek investigation of his concerns and redress.  The Defendant Local Unions in their action and inaction breached their duties of fair representation toward Plaintiff in violation of 29 U.S.C. Sections 151 et seq.

35. As a proximate result of the actions of Defendant Unions as complained of herein, Plaintiff has suffered the loss of his job position, back and future wages, seniority, fringe benefits including vacation pay and holiday pay, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to his damage. Plaintiff has also been forced to expend litigation expenses and is entitled to punitive damages.

**WHEREFORE,** Plaintiff demands a judgment ordering reinstatement to his position and back wages, or in the alternative, back wages and front wages, and judgment against Defendants for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus his costs, interest and reasonable attorney fees.  Plaintiff also seeks his costs and attorney fees all together with prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief he may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

　/s/ Francis J. Landry

Francis J. Landry, Attorney for
Plaintiff, Kyle T. Fust

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/s/ Francis J. Landry
Francis J. Landry